# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN RE:

Nadir Sevan Orow,
                DEBTOR.

CHAPTER 13
CASE NO. 16-55603-MBM
JUDGE MARCI B. MCIVOR

/

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

    **NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

    1.    Debtor has not provided to the Chapter 13 Trustee business financial statements and business tax returns for the three years preceding the commencement of this case or business bank statements; that has failed to produce any documentation to establish debtor's actual income for the year 2016 as required by Local Bankruptcy Rule 2003-2. Accordingly, debtor's Plan fails to comply with 11 U.S.C. Section 1325(a)(1).

    2.    Debtor's Schedule I indicates that debtor receives family assistance of $600.00 per month. Debtor has not produced an affidavit or declaration of the person or persons providing that support to verify either the existence of that support or the continuation of that support during the term of debtor's Chapter 13 Plan. Accordingly, debtor's Plan may not be feasible as required by 11 U.S.C. Section 1325(a)(4).

    3.    Based upon the debtor's testimony at the First Meeting of Creditors, debtor was previously an owner of "Sevan Petroleum Inc." and "Vicent Investment LLC", but those properties were awarded to debtor's ex-wife as part of a divorce proceeding. Debtor has not provided to the Chapter 13 Trustee a copy of the Divorce Decree or any other documents evidencing a transfer of debtor's ownership in those entities or explaining the consideration received by debtor in exchange for those transfers. Accordingly, debtor's Plan fails to comply with 11 U.S.C. Section 1325.

    4.    As of January 4, 2017, the Trustee has not been served with a true copy of the debtor's Payment Order, nor a copy of an Electronic Transfer of Funds Payment Order, nor an Order excusing the requirement for the same, as required by E.D. Mich. L.B.R. 1007-1(c).

    5.    The Plan proposes direct payment for the obligation owed to JP Morgan Chase Bank. The justification offered for the direct payment of such obligation is that the debtor is current. However, based upon the Proof of Claim filed by JP Morgan Chase Bank, the obligation owing to JP Morgan Chase Bank is in arrears. Direct payment to such creditor is therefore not justified under 11 U.S.C. Section 1326(c) and Local Bankruptcy Rule 3070-1.

    6.    The Plan proposes direct payment for the two obligations owed to Level One Bank. However, the Plan offers no justification for the direct payment of such obligation as required by E.D. Mich. L.B.R. 3070-1. Further, based upon the debtor's testimony at the First Meeting of

Creditors, the two obligations owing to Level One Bank are in arrears. Direct payment to such creditor is therefore not justified under E.D. Mi. L.B.R. 3070-1.

7. Class 9 of debtor's Chapter 13 Plan fails to specify a dividend to unsecured creditors. Accordingly, debtor's Plan may not comply with 11 U.S.C. Section 1325(a)(4).

8. The Liquidation Analysis attached to debtor's Chapter 13 Plan improperly combines multiple parcels of debtor's real property into a single line item labeled "Personal Residence". Debtor's inclusion of all items of real property into a single line item creates a substantial risk that liens or encumbrances attributable to one item of property may be improperly allocated to a second item of property; or that exemptions properly allocated to one item of property may be improperly allocated to a second, non-exempt property. Accordingly, debtor's Plan fails to comply with 11 U.S.C. Section 1325(a)(4).

9. The Liquidation Analysis attached to debtor's Chapter 13 Plan does not completely disclose the fair market value, liens or other information necessary to determine whether debtor's Plan complies with 11 U.S.C. Section 1325(a)(4).

10. Debtor's Schedule A/B values debtor's interest in Nadir Inc. as "unknown". Debtor has not provided a balance sheet or any other documentation to establish the actual value of debtor's interest in this entity. Accordingly, debtor's Plan fails to evidence compliance with 11 U.S.C. Section 1325(a)(4).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtor's Chapter 13 Plan unless modified to meet these objections.

OFFICE OF DAVID WM. RUSKIN, STANDING
CHAPTER 13 TRUSTEE

Dated: January 5, 2017    By: ____/s/ Thomas D. DeCarlo_____
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
Attorneys for Chapter 13 Trustee, David Wm. Ruskin
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN RE:

|  |  |
|---|---|
| Nadir Sevan Orow, | CHAPTER 13 |
| | CASE NO. 16-55603-MBM |
| DEBTOR. | JUDGE MARCI B. MCIVOR |
| _____/ | |

**CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO
<u>CONFIRMATION OF CHAPTER 13 PLAN</u>**

I hereby certify that on January 5, 2017, I electronically filed the Trustee's Objections to Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

>KALLABAT & ASSOCIATES PC
>31000 NORTHWESTERN HIGHWAY
>SUITE 201
>FARMINGTON HILLS, MI 48334-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

>Nadir Sevan Orow
>4091 Marlwood
>West Bloomfield, MI 48323-0000

_____/s/ Vanessa Wild_____
Vanessa Wild
For the Office of David Wm. Ruskin
Chapter 13 Standing Trustee - Detroit
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
(248) 352-7755