# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN RE:

Nadir Sevan Orow,

    DEBTOR.

_____/

CHAPTER 13
CASE NO. 16-55603-MBM
JUDGE MARCI B. MCIVOR

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF
## FIRST MODIFIED PRE-CONFIRMATION CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the First Modified Pre-Confirmation Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1. Section II.C of Debtor's Chapter 13 Plan checks a box that applies only in cases assigned to the Flint Division of this Court. Accordingly, Debtor's Plan may not comply with 11 USC Section 1325(a)(1).

2. The Plan does not provide that 100% of all tax refunds received or entitled to be received by Debtor since the commencement of this case be remitted to the Trustee for distribution among creditors as required by 11 U.S.C. Section 1325(b)(1)(B) and *In re Freeman*, 86 F.3d 478 (6th Cir. 1996).

3. Class 3 of Debtor's Plan proposes to "strip" liens held by the Internal Revenue Service and the State of Michigan. Debtor has not amended Schedule D to disclose secured claims of either the Internal Revenue Service or the State of Michigan; Debtor has not filed and adversary proceeding to strip the liens held by the Internal Revenue Service and the State of Michigan; and the Proof of Service filed with the First Modified Pre-Confirmation Chapter 13 Plan does not reflect service of the Plan on either the Internal Revenue Service or the State of Michigan. Accordingly, it is not clear whether proper notice has been provided as required by Federal Rule of Bankruptcy Procedure 2002, Federal Rule of Bankruptcy Procedure 3015, or 11 USC Section 1325.

4. Class 5.2 of Debtor's Plan adds Wayne County Treasurer. as a modified secured claim. Debtor has not amended Schedule D to disclose a secured claim of the Wayne County Treasurer and the Proof of Service filed with the First Modified

Pre-Confirmation Chapter 13 Plan does not reflect service of the Plan on the Wayne County Treasurer. Accordingly, it is not clear whether proper notice has been provided as required by Federal Rule of Bankruptcy Procedure 2002, Federal Rule of Bankruptcy Procedure 3015, or 11 USC Section 1325.

5. Class 6.1 of Debtor's Plan proposes for Debtor to assume an unexpired lease with Chrysler Capital with a monthly payment of $249, and a lease expiration date of October 19, 2015. Debtor's Plan fails to provide any justification to assume the lease that expired more than one year prior to the commencement of this case. Further, an unexpired lease is not subject to assumption pursuant to 11 USC Section 365. Accordingly, Debtor's proposed treatment of this lease may result in Debtor's Plan lacking compliance with 11 USC Section 1325.

6. Classes 6.1 of Debtor's Plan proposes for Debtor to assume an unexpired lease with Chrysler Capital with a monthly payment of $249, to be paid directly by Debtor. Debtor's schedule J filed in this case does not include any expense for this motor vehicle lease. Accordingly, Debtor's Plan may no longer be feasible as required by 11 USC Section 1325(a)(6).

7. As of April 12, 2017, the Trustee has not been served with a true copy of the debtor's Payment Order, nor a copy of an Electronic Transfer of Funds Payment Order, nor an Order excusing the requirement for the same, as required by E.D. Mich. L.B.R. 1007-1(c).

8. Debtors amended schedule I increases Debtors "family contributions" from $600 per month to $4000 per month. Debtor has not filed affidavits of any family member or members or providing this support to indicate the amount of support being provided or the person's intention to continue to provide that support during the duration of Debtor's Chapter 13 case. Accordingly, Debtor's Plan may not be feasible as required by 11 USC Section 1325 (a) (6).

9. The liquidation analysis attached to Debtor's Chapter 13 Plan appears to include information which is inconsistent with amounts shown in Debtor's schedules including, but not limited to:

   a. The Liquidation Analysis values Debtor's personal residence at $384,040. Debtor's Schedule A/B values this property at $400,000. The Liquidation Analysis attached to Debtor's Chapter 13 Plan does not explain the shortfall in the fair market value.

   b. The Liquidation Analysis values Debtor's real estate other than personal residence at "121,.00080". This valuation renders it

impossible to determine whether the Liquidation Analysis actually reflects the value of Debtor's other real estate.

c. The Liquidation Analysis values Debtor's real estate other than personal residence at "121,.00080". Debtor's Schedule A/B values is property at $120,000. The Liquidation Analysis attached to Debtor's Chapter 13 Plan does not explain this discrepancy.

10. Debtor's Schedule A/B values debtor's interest in Nadir Inc. as "unknown". Debtor has not provided a balance sheet or any other documentation to establish the actual value of debtor's interest in this entity. Accordingly, debtor's Plan fails to evidence compliance with 11 U.S.C. Section 1325(a)(4).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtor's Chapter 13 Plan unless modified to meet these objections.

OFFICE OF DAVID WM. RUSKIN,
STANDING CHAPTER 13 TRUSTEE

Dated: April 12, 2017

By: /s/ Thomas D. DeCarlo
DAVID Wm. RUSKIN (P26803)
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
Attorneys for Chapter 13 Trustee,
   David Wm. Ruskin
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN RE:

Nadir Sevan Orow,
                    DEBTOR.

CHAPTER 13
CASE NO. 16-55603-MBM
JUDGE MARCI B. MCIVOR

_____/

## CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO CONFIRMATION OF FIRST MODIFIED PRE-CONFIRMATION CHAPTER 13 PLAN

I hereby certify that on April 12, 2017, I electronically filed the Trustee's Objections to Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

> KALLABAT & ASSOCIATES PC
> 31000 NORTHWESTERN HIGHWAY
> SUITE 201
> FARMINGTON HILLS, MI  48334-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

> Nadir Sevan Orow
> 4091 Marlwood
> West Bloomfield, MI 48323-0000

             /s/ Vanessa Wild
       Vanessa Wild
       For the Office of David Wm. Ruskin
       Chapter 13 Standing Trustee - Detroit
       1100 Travelers Tower
       26555 Evergreen Road
       Southfield, MI 48076-4251
       (248) 352-7755